RENDERED:  MARCH 6, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-0366-MR

DAQUAN LAMPKINS                                            APPELLANT

APPEAL FROM JEFFERSON CIRCUIT COURT
v.        HONORABLE JULIE KAELIN, JUDGE
ACTION NO. 18-CR-002490

COMMONWEALTH OF KENTUCKY                          APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ECKERLE, A. JONES, AND L. JONES, JUDGES.

JONES, A., JUDGE:  Daquan Lampkins appeals from the Jefferson Circuit Court's order denying his motion for post-conviction relief pursuant to Kentucky Rule of Criminal Procedure ("RCr") 11.42.  We affirm.

**BACKGROUND**

The history of this case is largely detailed in *Lampkins v. Commonwealth*, 701 S.W.3d 99 (Ky. 2024). Briefly stated, Lampkins was convicted by a Jefferson County jury of two counts of murder, possession of a handgun by a convicted felon, and violation of a protective order; he received a sentence of life imprisonment without the possibility of parole; he appealed; and the Kentucky Supreme Court ultimately affirmed his conviction.

On January 13, 2025, an unsigned, unsworn RCr 11.42 motion was then filed in Lampkins's case before the Jefferson Circuit Court. The handwritten motion claimed Lampkins's trial counsel was ineffective for "fail[ing] to counsel/discuss with [Lampkins] the impact of a mistrial that subjected [Lampkins] to double jeopardy and structural error." *See* Record at 439. On February 13, 2025, the circuit court entered an order summarily denying the motion because, in violation of RCr 11.42(2) and (3), the motion was unsigned, unverified, and did not state with the requisite level of specificity grounds for holding Lampkins's sentence invalid.

Lampkins timely appealed. Weeks later, on March 31, 2025, Lampkins then filed a handwritten document styled: "RE: 18-CR-2490 misunderstanding of RCr 11.42 'Dismissal,'" in which he stated:

> I received this ORDER of 2/13/2025 dismissing an
> unsigned, not verified, submitted Jan 13, 2025 to Court's

Clerk which was determind [sic] to be defective and inadmissible one-page RCr 11.42 motion (Thankfully as I wish to properly file on before 3-year deadline Sep. 26, 2027), as I understand such was unheard. I misunderstood thinking my chance at RCr 11.42 had been missed with the "Dismissal" and thus wrote Clerk of Court to Appeal the ORDER. Now knowing I have not exhausted my right of RCr 11.42, I wish to withdrawl [sic] appeal to Dismissal ORDER, please. Lastly, the KYDOC# on ORDER was wrong (I'm #303131; not #361975), causing confusion also. Thank you for your time & consideration!

*See* Record at 453.

## ANALYSIS

Nothing of record indicates the circuit court has taken any action regarding Lampkins's March 31, 2025 filing, but the circuit court's failure to do so does not affect our jurisdiction to resolve Lampkins's appeal: That filing was filed too late to be considered an effective Kentucky Rule of Civil Procedure ("CR") 59.05 motion;[1] and to the extent it could be considered a CR 60.02 motion, a motion filed pursuant to that rule would not affect the finality of the circuit court's judgment, suspend its operation, or otherwise preclude our review. *See* CR 60.02.

As for the substance of this appeal, Lampkins does not (and cannot) contest that an unsigned, unverified RCr 11.42 motion – such as the one filed in his

---

[1] *Cf.* Kentucky Rule of Appellate Procedure ("RAP") 3(E)(2) (providing in part that "If a party timely files in the trial court any of the following motions under the Kentucky Rules of Civil Procedure, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion: CR 50.02; CR 52.02; or CR 59[.]").

case on January 13, 2025 – is fatally deficient and warrants summary dismissal. *See* RCr 11.42(2). And again, that is precisely what occurred. With that said, Lampkins's sole appellate argument is that the circuit court's February 13, 2025, order should be set aside on grounds of fraud because, as Lampkins represents, he did not file the RCr 11.42 motion, and he did not direct anyone to file it on his behalf.

However, this is an argument Lampkins never advanced below. Accordingly, we cannot address it now. "When an issue has not been addressed in the order on appeal, there is nothing for us to review. Our jurisprudence will not permit an appellant to feed one kettle of fish to the trial judge and another to the appellate court. An appellant preserves for appellate review only those issues fairly brought to the attention of the trial court." *Owens v. Commonwealth*, 512 S.W.3d 1, 15 (Ky. App. 2017) (internal quotation marks, brackets, citations, and footnote omitted).

## CONCLUSION

In short, Lampkins presents no valid basis for overturning the Jefferson Circuit Court's February 13, 2025 order. We therefore AFFIRM.

ALL CONCUR.

-4-

BRIEF FOR APPELLANT:                    BRIEF FOR APPELLEE:

Daquan Lampkins, *pro se*                Russell Coleman
West Liberty, Kentucky                   Attorney General of Kentucky

                                         Joseph A. Beckett
                                         Assistant Attorney General
                                         Frankfort, Kentucky